1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GEORGE LEE,

11             Plaintiff,                    No. CIV S-11-1350 CKD P

12        vs.

13   KATHLEEN DICKINSON, et al.,

14             Defendants.                   ORDER

15   _____/

16             Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42

17   U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28

18   U.S.C. § 636(b)(1).  On June 7, 2011, plaintiff consented to all proceedings in this matter being

19   held before a United States Magistrate Judge.  See 28 U.S.C. § 636(c).

20             Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

21   § 1915.  Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C.

22   § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

23             Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

24   U.S.C. §§ 1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to

25   collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the

26   Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

1

1   preceding month's income credited to plaintiff's prison trust account.  These payments will be

2   forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's

3   account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

4            The court is required to screen complaints brought by prisoners seeking relief

5   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

6   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

7   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

8   granted, or that seek monetary relief from a defendant who is immune from such relief.  28

9   U.S.C. § 1915A(b)(1),(2).  The court screens the most-recent complaint filed in this action by

10  plaintiff which is the amended complaint filed on August 31, 2011.

11           A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

12  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

13  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

14  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

15  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

16  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

17  Cir. 1989); Franklin, 745 F.2d at 1227.

18           In order to avoid dismissal for failure to state a claim a complaint must contain

19  more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements

20  of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other

21  words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

22  statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a

23  claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.

24  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

25  draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129

26  S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be

1  granted, the court must accept the allegations as true, <u>Erickson v. Pardus</u>, 127 S. Ct. 2197, 2200

2  (2007), and construe the complaint in the light most favorable to the plaintiff, <u>see</u> <u>Scheuer v.</u>

3  <u>Rhodes</u>, 416 U.S. 232, 236 (1974).

4          In his amended complaint, plaintiff alleges he was subjected to adverse acts such

5  as placement in administrative segregation and removal from a computer class after it was

6  learned by correctional officers that mail addressed to plaintiff contained cellular phones and

7  chargers.  Plaintiff asserts he had no knowledge that cell phones would be sent to him and

8  surmises that somebody was attempting to "set up" plaintiff for disciplinary action.  Plaintiff

9  seeks injunctive relief as well as damages.

10          There are several problems with plaintiff's complaint.  First, plaintiff fails to point

11  to anything suggesting any defendant participated in a scheme to have plaintiff  "framed" for

12  possessing cell phones or that any named-defendant acted in bad faith in investigating how it was

13  that cell phones were mailed to plaintiff.  Second, placement in administrative segregation for a

14  short period of time is generally not an actionable injury.  <u>Sandin v. Connor</u>, 515 U.S. 472, 484-

15  86 (1995).  Third, plaintiff has no freestanding right to educational programs while in prison.

16  <u>Toussaint v. McCarthy</u>, 801 F.2d 1080, 1094-95 (9th Cir. 1986).

17          Finally, any claims which imply the invalidity of the decision to revoke good

18  conduct credit are barred by <u>Edwards v. Balisok</u>, 520 U.S. 641, 645-46 (1997).  Therefore, if

19  plaintiff suffered a loss of good conduct sentence credit for possessing cell phones, he would not

20  be allowed to proceed on any claim implying the invalidity of the loss of credit until the decision

21  to revoke the credit was reversed or the credit was otherwise restored.  <u>Id</u>. at 646-648.

22          For all of theses reasons, plaintiff's complaint fails to state a claim upon which

23  relief can be granted and must be dismissed.  Because it is not entirely clear that plaintiff cannot

24  state a claim upon which relief could be granted, plaintiff will be given one opportunity to

25  amend.

26  /////

1    If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate

2  how the conditions complained of have resulted in a deprivation of plaintiff's constitutional

3  rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in

4  specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C.

5  § 1983 unless there is some affirmative link or connection between a defendant's actions and the

6  claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167

7  (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and

8  conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v.

9  Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

10    In addition, plaintiff is informed that the court cannot refer to a prior pleading in

11  order to make plaintiff's second amended complaint complete.  Local Rule 220 requires that an

12  amended complaint be complete in itself without reference to any prior pleading.  This is

13  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

14  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files any amended complaint, the original

15  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

16  original complaint, each claim and the involvement of each defendant must be sufficiently

17  alleged.

18    In accordance with the above, IT IS HEREBY ORDERED that:

19    1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

20    2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

21  All fees shall be collected and paid in accordance with this court's order to the Director of the

22  California Department of Corrections and Rehabilitation filed concurrently herewith.

23    3.  Plaintiff's amended complaint is dismissed.

24    4.  Plaintiff is granted thirty days from the date of service of this order to file an

25  second amended complaint that complies with the requirements of this order, the Civil Rights

26  Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended

4

1    complaint must bear the docket number assigned this case and must be labeled "Second

2    Amended Complaint;" plaintiff must file an original and two copies of the second amended

3    complaint; failure to file a second amended complaint in accordance with this order will result in

4    a recommendation that this action be dismissed.

5       Dated: October 18, 2011

6                                                    _____

7                                                    CAROLYN K. DELANEY
                                                     UNITED STATES MAGISTRATE JUDGE

8

9

10

11   1
     lee1350.dis

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26